THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT EDWARD: [LAGROUE], | CASE NO. C19-1800-JCC |
| Plaintiff, | ORDER |
| v. | |
| STATE OF WASHINGTON *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendant King County Department of Public Defense's ("DPD") motion to dismiss (Dkt. No. 10), Defendant State of Washington's motion to dismiss (Dkt. No. 12), Defendants Office of the Prosecuting Attorney and King County Superior Court's motion for extension of time (Dkt. No. 21), and Plaintiff's two motions for default (Dkt. Nos. 14 and 25). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Defendants' motions to dismiss and DENIES Plaintiff's motions for default for the reasons explained herein.

**I.    BACKGROUND**

On November 6, 2019, Plaintiff filed his complaint, naming four defendants: the State of Washington, the King County Superior Court, the Office of the Prosecuting Attorney, and the King County Public Defenders Office. (Dkt. No. 1 at 1–2.) Plaintiff's claims arise from events during his criminal prosecution and conviction 26 years ago. (*Id.* at 3.) Plaintiff alleges that after

he dismissed his representative, Defendant King County Superior Court refused to allow Plaintiff to proceed in his trial without an attorney. (*Id.*) Instead, the court appointed a public defender to represent him, against his wishes. (*Id.*) Plaintiff brings claims for violations of his constitutional rights, including his rights to due process of law, equal protection, and deprivations of the privilege and immunities clause of the Fourteenth Amendment. (*Id.* at 3–4.) Plaintiff seeks $27 million dollars in relief. (*Id.* at 4.)

## II. DISCUSSION

### A. Plaintiff's Motions for Default

Entry of default is appropriate where a party has "failed to plead or otherwise defend" a suit. Fed. R. Civ. P. 55(a). "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). On January 9, 2020, Plaintiff filed a request for entry of default against all Defendants. (Dkt. No. 14.)[1] On January 29, 2020, Plaintiff filed a second motion for default against all Defendants. (Dkt. No. 25.) But Defendants have appeared and defended this suit.

On December 23, 2019, Defendant DPD filed a motion to dismiss. (Dkt. No. 10.) On December 30, 2019, Defendant State of Washington filed a motion to dismiss. (Dkt. No. 12.). Thus, Defendants DPD and State of Washington have defended against this suit, and entry of default against them is not appropriate. *See* Fed. R. Civ. P. 55(a).

On January 27, 2020, counsel filed a notice of appearance on behalf of Defendants Office of the Prosecuting Attorney and King County Superior Court. (Dkt. No. 20.) On January 28, 2020, Defendants Office of the Prosecuting Attorney and King County Superior Court filed a motion to dismiss and requested an extension of time to respond to the first request for default, declaring that their delay in response is excusable neglect. (Dkt. Nos. 21, 23, 24.) These two Defendants also filed a response in opposition to Plaintiff's motion for default. (Dkt. No. 26.)

---

[1] The Court takes note that Plaintiff states that he has not received any form of pleading or defense. (*Id.*) Defendant State of Washington provided notice of Plaintiff's refusal to accept service by mail. (Dkt. No. 16.) The Court reminds Plaintiff that the Local Rules require him to maintain with the Court an accurate mailing address. *See* W.D. Wash. Local Civ. R. 10(f).

ORDER
C19-1800-JCC
PAGE - 2

The Court has reviewed counsel's declaration (Dkt. No. 22), finds that the delay in response is excusable neglect, and accordingly GRANTS the motion for an extension of time to respond to the first request for default (Dkt. No. 21.) Thus, because Defendants Office of the Prosecuting Attorney and King County Superior Court have defended against this suit, entry of default is not appropriate. *See* Fed. R. Civ. P. 55.

Therefore, Plaintiff's motions for default (Dkt. Nos. 14, 25) are DENIED.

### B. Defendants DPD's and State of Washington's Motions to Dismiss

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. A court may grant dismissal based on the statute of limitations "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (citation and quotation marks omitted). A dismissal under Federal Rule of Civil Procedure 12(b)(6) "can [also] be based on the lack of a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Because Plaintiff has proceeded *pro se*, he "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010).

Defendants DPD[2] and State of Washington move to dismiss on the ground that Plaintiff fails to state a claim upon which relief can be granted.[3] (Dkt. Nos. 10, 12.) Plaintiff claims that

---

[2] Defendant DPD states that "[i]nasmuch as the named entity, Public Defender's Office, can be construed as the King County Department of Public Defense, DPD moves to dismiss this matter. (Dkt. No. 10 at 2.)

[3] Defendant DPD also moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), and (5) on the ground that the Court lacks personal jurisdiction because of insufficient process and failure to perfect service. (Dkt. No. 10 at 2–3.) Defendant State of

Defendants have deprived him of his constitutional rights. (Dkt. No. 1 at 3–4.) Federal courts apply the forum state's statute of limitations governing personal injury actions to claims brought under § 1983. See *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985). Thus, the applicable limitations period for Plaintiff's claims is three years. Wash. Rev. Code § 4.16.080(2). Although state law provides the applicable limitations period, federal law determines when the cause of action accrues. *See TwoRivers*, 174 F.3d at 991. And "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id*. at 991.

Plaintiff's claims arise out of King County Superior Court's appointment of a public defender and refusal to allow Plaintiff to proceed *pro se*. (*See* Dkt. No. 1 at 3–4.) These events occurred over 26 years ago. (*Id.*) Thus, it is clear that these claims are well beyond the three-year statute of limitations period. *See* Wash. Rev. Code. § 4.16.080(2). And Plaintiff has not responded to the motions to dismiss. Therefore, DPD's and State of Washington's motions to dismiss are GRANTED and Plaintiff's claims against these Defendants are DISMISSED.

The Court finds that these claims should be dismissed with prejudice. "Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). Under these facts, this complaint cannot be saved because the claims are time-barred.

## III. CONCLUSION

For the foregoing reasons, Defendants Office of the Prosecuting Attorney and King County Superior Court's motion for extension of time (Dkt. No. 21) is GRANTED. Plaintiff's motions for default (Dkt. Nos. 14, 25) are DENIED. Defendants DPD's and State of

---

Washington also moves to dismiss on the grounds of Eleventh Amendment immunity. (Dkt. No. 12 at 3–4.) Because dismissal is proper because Plaintiff's claims are time-barred, the Court does not reach these arguments.

1 | Washington's motions to dismiss (Dkt. Nos. 10, 12) are GRANTED and Plaintiff's claims
2 | against these Defendants are DISMISSED with prejudice.
3 | DATED this 18th day of February 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE