UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT EDWARD: [LAGROUE], | CASE NO. C19-1800-JCC |
| Plaintiff, | ORDER |
| v. | |
| STATE OF WASHINGTON *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendants King County Office of the Prosecuting Attorney and King County Superior Court's (collectively, the "King County Defendants") motion to dismiss (Dkt. No. 24) and Plaintiff's motion for default (Dkt. No. 30). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the King County Defendants' motion to dismiss (Dkt. No. 24) and DENIES Plaintiff's motion for default (Dkt. No. 30) for the reasons explained herein.

## I.    BACKGROUND

Plaintiff filed his complaint on November 6, 2019. (Dkt. No. 1 at 1–2.) Plaintiff's claims arise from events during his criminal prosecution and conviction 26 years ago. (*Id.* at 3.) Plaintiff alleges that after he dismissed his counsel, Defendant King County Superior Court refused to allow Plaintiff to proceed to trial without an attorney. (*Id.*) Instead, Defendant King County

Superior Court appointed a public defender to represent Plaintiff, against his wishes. (*Id.*) Plaintiff brings claims for violations of his constitutional rights, including his rights to due process of law, equal protection, and deprivations of the privilege and immunities clause of the Fourteenth Amendment. (*Id.* at 3–4.) Plaintiff seeks $27 million dollars in relief. (*Id.* at 4.)

## II.   DISCUSSION

### A.   Plaintiff's Third Motion for Default

Entry of default is appropriate where a party has "failed to plead or otherwise defend" a suit. Fed. R. Civ. P. 55(a). Plaintiff previously filed two motions for default. (Dkt. Nos. 14, 25.) The Court denied the motions. (Dkt. No. 28.)[1] Plaintiff has now filed a third motion for default. (Dkt. No. 25.) But, as the Court previously explained, the King County Defendants have appeared and defended this suit. (*See* Dkt. Nos. 21; 23; 24; 28 at 2–3.) And Plaintiff's claims against Defendants Department of Public Defense and the State of Washington have been dismissed. (Dkt. No. 28 at 4.) Thus, entry of default is not appropriate. *See* Fed. R. Civ. P. 55. Therefore, Plaintiff's motion for default (Dkt. No. 30) is DENIED.

### B.   King County Defendants' Motion to Dismiss

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. A court may grant dismissal based on the statute of limitations "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *TwoRivers v. Lewis*, 174 F.3d

---

[1] The Court notes that not only has Plaintiff refused to accept service by mail of Defendants' filings, the Court's orders sent to Plaintiff have been returned as undeliverable. (*See* Dkt. No. 31.) The Court reminds Plaintiff that the Local Rules require him to maintain with the Court an accurate mailing address. *See* W.D. Wash. Local Civ. R. 10(f).

987, 991 (9th Cir. 1999) (citation and quotation marks omitted). A dismissal under Federal Rule of Civil Procedure 12(b)(6) "can [also] be based on the lack of a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Because Plaintiff has proceeded *pro se*, he "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010).

The King County Defendants move to dismiss on the ground that Plaintiff's claims are barred by the statute of limitations. (Dkt. No. 24 at 4–8.)[2] Plaintiff alleges that Defendants have deprived him of his constitutional rights. (Dkt. No. 1 at 3–4.)[3] Federal courts apply the forum state's statute of limitations governing personal injury actions to claims brought under § 1983. *See Wilson v. Garcia*, 471 U.S. 261, 279–80 (1985). Thus, the applicable limitations period for Plaintiff's claims is three years. *See* Wash. Rev. Code § 4.16.080(2). Although state law provides the applicable limitations period, federal law determines when the cause of action accrues. *See TwoRivers*, 174 F.3d at 991. And "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.*

Plaintiff's claims arise out of Defendant King County Superior Court's appointment of a public defender and refusal to allow Plaintiff to proceed *pro se* in Plaintiff's original criminal proceedings. (*See* Dkt. No. 1 at 3–4.) These events occurred over 26 years ago. (*Id.*) Thus, it is clear that these claims are well beyond the applicable three-year statute of limitations period. *See* Wash. Rev. Code. § 4.16.080(2). Therefore, Plaintiff has failed to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for default (Dkt. No. 30) is DENIED. The

---

[2] The King County Defendants also move to dismiss on the grounds they are entitled to absolute judicial or prosecutorial immunity for the actions at issue in the complaint. (Dkt. No. 10 at 3–4.) Since dismissal is proper because Plaintiff's claims are time-barred, the Court does not reach these arguments.

[3] Plaintiff has not responded to Defendants' motion to dismiss.

King County Defendants' motion to dismiss (Dkt. No. 24) is GRANTED. "Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). Under these facts, Plaintiff's complaint cannot be saved because the claims are time-barred. Accordingly, the Court DISMISSES with prejudice Plaintiff's complaint.

DATED this 18th day of March 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE